## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DANIEL J. BRITAIN**                                                  **CIVIL ACTION**

**VERSUS**                                                                    **NO. 16-519**

**STATE OF LOUISIANA**                                          **SECTION "A"(2)**

## FINDINGS AND RECOMMENDATION

Petitioner, Daniel J. Britain, filed the captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his St. Tammany Parish criminal proceedings concerning a sexual battery charge. Record Doc. No. 1, Petition, page 1. Britain has not made clear whether he was convicted, although the attachments to his pleading reflect that he was called to trial on September 8, 2015. Record Doc. No. 1-1, p. 6.

By notice dated January 22, 2016, Record Doc. No. 2, the clerk of this court required Britain to submit the required form petition and either a $5.00 filing fee or a completed pauper application within 21 days of the date of the notice. The record indicates that the clerk mailed this notice to petitioner at the address he provided on the petition. This notice has not been returned to the court in the mail, and no response from petitioner has been received.

In addition, Britain has not notified the clerk or the court that his address has changed. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the petitioner to prosecute or comply

with any order of the court.  Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the petitioner, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since Britain is proceeding in this case pro se, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."  Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through the clerk's notice to have Britain provide the information necessary to prosecute his case.  Petitioner's failure to respond to the notice clearly reflects a failure on his own part to prosecute.  This record of several failures to

comply with both the clerk of court's requests and court rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to petitioner himself, justifying dismissal.  <u>See</u> <u>Torns v. State of Miss. Dept. of Corrections</u>, 262 F. App'x 638, 639 (5th Cir. 2008); <u>Raborn v. Inpatient Management Partners, Inc.</u>, 278 F. App'x 402, 404-05 (5th Cir. 2008).

In an effort to afford the petitioner one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Britain is advised that he may object to the Magistrate Judge's proposed findings and recommendation within fourteen (14) days from the date of service of this report. Petitioner is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to petitioner that his objection should contain a short summary of the reasons that he failed to comply with the notice of deficiency.  It is further suggested that he should also provide the court with either the $5.00 filing fee or a completed application to proceed in forma pauperis as previously requested in the Clerk's notice.

Britain is advised that failure to file written objections to the magistrate judge's findings and recommendation may and probably will result in dismissal of his suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is **RECOMMENDED** that, if the petitioner Daniel J. Britain does not file written objections to these findings and recommendation, his complaint be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ____1st____ day of March, 2016.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


**CLERK TO NOTIFY PETITIONER**
**AT THE FOLLOWING ADDRESSES:**

Daniel J. Britain, DOC#703967
B.B. "Sixty" Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

4